EPHRAIM GILL et al., complainants,

*v.*

WADING RIVER REALTY COMPANY et al., defendants.

[Decided October 31st, 1931.]

*Mr. Samuel P. Orlando* and *Mr. Carl Kisselman,* for the complainants.

*Messrs. Harcourt & Steelman,* for the defendants.

INGERSOLL, V. C.

The bill is filed praying for relief, first, that a deed in fee-simple to John M. Zurn for certain lands and premises should be set aside. It is admitted that the authority for this conveyance was limited to the giving of a lease for ninety-nine years. ·Complainant is entitled to relief.

The second prayer is to set aside certain certificates of stock as having been issued without authority. I am convinced, without a restatement of the testimony, which was very voluminous, that the stock issued to Zurn was issued for a good and valuable consideration.

In *Perkins* v. *Trinity Realty Co., 69 N. J. Eq. 723;* affirmed by *per curiam* opinion (*71 N. J. Eq. 304*), Vice-Chancellor Garrison (at *p. 731*) said: "Our courts, however, hold that the plea of *ultra vires* will not avail a corporation with respect to an act for which it has received consideration in any case where the status *quo ante* cannot be restored, and in such cases the corporation is estopped to set up the plea of *ultra vires*," citing a number of cases. And on page 732: "To permit stockholders of corporations to unanimously make a disposition of the corporate property where no one else's rights are in any way prejudiced, and afterwards to repudiate their action upon the ground that it was beyond the power of the fictional body to do the act, could serve no useful purpose, and would be merely available in aid of fraud. In cases where stockholders have all assented to corporate action, and no rights of the state or creditors intervene, the doctrine of estoppel is fully applicable, and the plea of *ultra vires* is unavailing."

It follows as a necessary corollary that where the stockholders and officers of a corporation have received from an individual cash or payment for labor and material furnished for the corporation and authorized or permitted the officer to issue stock for such amount, the issuance of such stock must be held valid. If it becomes necessary, I reserve the right to amplify this memorandum.

A decree will be advised in accordance herewith.